In the United States District Court
Northern District of Ohio
Western Division

| | |
|---|---|
| Francis J. Warin, pro se,<br>in forma pauperis<br><br>Plaintiff<br><br>Vs.<br><br>The United States of America<br><br>Defendant | Case nb. :<br><br>Judge DAK<br><br>Motion to re-open case<br>No. 3 : 03 CR754, subjected to<br>a TRIAL BY JURY, for the reasons<br>listed below. |

WARIN

## The Second Amendment of the Bill of Rights is a personal right

Plaintiff always did, and still does, argue that the Second Amendment is a personal right. The case of District of Columbia v. Parker† (478 F. 3d 370) decided on March 9, 2007, re-enforces plaintiff's stand. So does US v. Emerson (270 F. 3d 203, 5th Circuit, 2001, certiorari denied) which was disregarded by this court. Parker's appellants were denied en banc review. It is now matter for the Supreme Court.

† Now D.C. v. Heller

Plaintiff was given deficient representation

Plaintiff wishes to clarify the word "deficient" as applied to his case (No 04-3431). Mr. Cocoves is a very able attorney who was faced with the task of arguing an amendment to the Bill of Rights which he, like most U.S. attorneys, had no idea existed. Plaintiff has been studying the controversy since 1970 but was incarcerated immediately following his arrest on 05/23/03 and kept so until sentencing on 03/22/04. Plaintiff was in no position to help Mr. Cocoves. On 05/03/04, Mr. Cocoves was compensated to the amount of $3,573.00 which translates in 61.5 hours, woefully insufficient time to become familiar with a very complex constitutional issue.

> Supreme Court treatment of a
> pre-enforcement challenge to a
> criminal statute that would threaten
> constitutional rights (cited in Parker, ibid)

"When the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, AND THERE EXISTS A CREDIBLE THREAT OF PROSECUTION (emphasis added) he should not be required to await and undergo a criminal prosecution as the sole means of seeking relief (442 US at 298, 99 S. Ct. 2301).

The Supreme Court approach to a situation which as been the plaintiff's since 1972, does not take the position of a formal interdiction ("shall not be required" like in the Second Amendment where "shall not be infringed" would be an absolute). The Court expresses regret that such extreme measure is necessary (plaintiff agrees) but cannot apparently provide an alternative which would NOT justify plaintiff's two previous attempts.

Testimony of Richard Vasquez, Firearms
Enforcement Officer and Special Agent
Dennis Bennett concerning exhibit #167
(toilet paper roll with the features [sic]
of a firearms silencer).

In the report of Technical Examination signed by Richard Vasquez on 5/28/03 (773060-99-0042/2003-633-RV) the exhibit has "the features of a firearms silencer", but "was not tested".

The exhibit #28 delivered by Natl. Lab. Center is described as "with attached card board roll that has the APPEARANCE (emphasis added) of a silencer"

However, the same Report (773060-99-0042/2003.619-RV) mentions that the "silencer" was tested on two occasions. It came loose from the barrel on the first, and ruptured on the second. How the sound level test was able to be carried out is not explained. The admission that the "silencer" has been tampered with can be found on p.34 and 35 of the transcript of trial 3:03-CR-754.

The restrictions of Title 18 USC
Chapter 83 (USPO) are vague and
misleading.

Paragraph 1715, on page 119 of the 2005 Federal Firearms Regulations Reference Guide, reads, in part: "Pistols, revolvers and OTHER FIREARMS (emphasis added) capable of being concealed on the person are non-mailable..."

Paragraph 1715 offers no definition of what a "firearm" is, nor does it refer to any specific description available. In Title 18 USC, Chapter 44, paragraph 921 (definitions) a firearm is : (A) any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive; (B) the FRAME or RECEIVER of said weapon... (emphasis added). That the definitions above exempt antique firearms from the provisions of the GCA '98 is not mentioned in paragraph 1715. "Other firearms" then, logically, includes antiques.

"Capable of being concealed on the person" is extremely vague and depends, among other things, on the size of the firearm(s) involved (is a howitzer, by reasons of its size, mailable?). Since the word "firearm" includes the frame or receiver (18 USC, ch. 44, para 921 above) all the frames (receivers) of such firearms as rifles and shotguns can be, "concealed on the person". Plaintiff questions why the USPO did not rule ALL firearms and associated components nonmailable. A person could reasonably believe that the frame of a shotgun is mailable for repair.

Motion sent to the U.S. District Court, 1716 Spielbush Ave. Toledo, Ohio. on

Sept. 05 '07


Copy sent to Mr. R.L. Yoshino, 1946 N. 13th Street, Suite 292, Toledo, Ohio on

Sept. 05 '07

# AFFIDAVIT IN FORMA PAUPERIS

STATE OF OHIO )
) ss
COUNTY OF OTTAWA )

Francis Warin being duly sworn, deposes and says:

1. That I reside at 307 Harvest Lane, village of Oak Harbor, County of Ottawa and State of Ohio.

2. That said place of residence is under the name of Anne Marie Warin (wife).

3. That I have no property and no means of support, except monthly payments from the Social Security Administration in the amount of One Thousand Three Hundred and Forty Four Dollars (+) ($ 1344.00) for room, board and the health care expenses falling outside of the Medical Mutual Insurance (wife's) payment. Medicare will not become active until July 2007.

*WARIN*

Francis Warin

Subscribed and sworn to before me this *February 5*, 2007.

*Pamella A. Winters*
mcE 2/9/10
Notary Public

+ Now reduced to 1,232.00 (see enclosed letter)

# Social Security Administration
# Retirement, Survivors and Disability Insurance
Important Information



Great Lakes Program Service Center
600 West Madison Street
Chicago, Illinois 60661-2474
Date: August 22, 2007
Claim Number: 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A

000013390  01 MB  0.360  T058 T2R M04,0815,PC4,N,CH,

FRANCIS WARIN
307 HARVEST LN
OAK HARBOR OH 43449-1517

You are entitled to medicare hospital insurance beginning February 1996 and medical insurance beginning July 2007.

**What We Will Pay And When**

- You will receive $1,007.60 for August 2007 around August 31, 2007.
- After that you will receive $1,232.00 on or about the third of each month.

**Information About Medicare**

The monthly premium for your medical insurance is $112.20 beginning July 2007.

IMPORTANT: A new law changes how premiums for Medicare Part B are calculated for some higher income beneficiaries, generally individuals with incomes higher than $80,000 and couples with incomes higher than $160,000. Social Security will be contacting the Internal Revenue Service, and if we determine that you have to pay a higher premium, we will send you a notice explaining our decision, and the higher amount will be effective July 2007. For more information, visit www.socialsecurity.gov on the Internet or call us toll-free at 1-800-772-1213 (TTY 1-800-325-0778).

We will start to take premiums out of your August 31, 2007 check.

Any additional premiums due will be deducted from your check.

This medical insurance premium includes a premium surcharge because you enrolled later than you could have.

We will send you a new health insurance card. It will show that you are entitled to hospital and medical insurance.

If you do not receive your health insurance card within 4 weeks after the receipt of this notice, please get in touch with us. If you need medical care before you receive the card, use this letter as proof that you are covered by Medicare hospital and medical insurance.

C See Next Page

See Next Page